# EXHIBIT A

Generated: 09/21/2021

| AOC-S-105  Sum Code: CI | | Case Number **21-CI-00307** |
|---|---|---|
| Rev. 7-99 | | Court CI |
| Commonwealth of Kentucky |  | County ALLEN |
| Court of Justice | | |
| CR 4.02; Cr Official Form 1 | **Civil Summons** | |

*Plaintiff,* TERRY, PIERRE  VS. DOLLAR GENERAL CORPORATION,, *Defendant*

DOLLAR GENERAL CORPORATION,
100 MISSION RIDGE
GOODLETTSVILLE          TN     37072

**RECEIVED**
**SEP 30 2021**
**EMPLOYMENT LAW GROUP**

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, TODD B CALVERT

By _____*Angela Lenz*_____ , DC

Date: 09/21/2021

---

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
   To: _____

[ ] Not Served because: _____

Date: _____, 2____.                    _____
                                               Served by

---

CI  21-CI-00307
TERRY, PIERRE  VS. DOLLAR GENERAL CORPORATION,



FILED

2021 SEP 21 P 12: 54

TODD B. CALVERT
ALLEN CIRC/DIST CLERK
BY _____ D.C.

| | |
|---|---|
| Pierre Terry, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, <br><br> Defendant. | Case No. 21-CI-00307 <br><br> **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO 28 U.S.C. 1331** |

DEMAND FOR JURY TRIAL

I, Pierre Terry, ("Plaintiff"), acting pro se, hereby file this complaint against DOLLAR GENERAL CORPORATION, ("Defendant") in the above-styled matter and state as follows:

## I.   NATURE OF ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"),

2. This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

3. Plaintiff is an African-American citizen of the United States and a resident of Tennessee, United States. Plaintiff was offered a conditional offer for employment by DOLLAR GENERAL CORPORATION on January 2, 2020 and was discharged on January 17, 2020.

4. Plaintiff Pierre Terry alleges that Defendant, DOLLAR GENERAL CORPORATION (DOLLAR GENERAL) unlawfully discriminated against him on the basis of his national origin characteristics, and harassed him on the basis of national origin.

5. Plaintiff further allege that Defendant's policies, practices, and decisions they established and enforced had a disparate impact upon the Plaintiff based on his national origin, African.

6. Plaintiffs further allege that Defendant denied Plaintiff equal job opportunity based on race.

7. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendant's violations of his rights.

8. DOLLAR GENERAL is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racially harassing and discriminatory behavior. The Plaintiff was subjected to this, racial treatment by being discharged /not hired.

9. The Plaintiff was hired by the Respondent on January 16, 2020 as an Order Picker/ Reach Truck Operator and terminated from employment on January 17 2020. The Plaintiff believes he was discharged due to his race.

FILED

2021 SEP 21 P 12: 54

TODD B. CALVERT
ALLEN CIRC/DIST CLERK
BY _____ D.C.

| | |
|---|---|
| Pierre Terry,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION,<br><br>Defendant. | Case No. 21-CI-00307<br><br>**CIVIL RIGHTS COMPLAINT**<br><br>**PURSUANT TO 28 U.S.C. 1331** |

DEMAND FOR JURY TRIAL

I, Pierre Terry, ("Plaintiff"), acting pro se, hereby file this complaint against DOLLAR GENERAL CORPORATION, ("Defendant") in the above-styled matter and state as follows:

## I.   NATURE OF ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"),

2. This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

3. Plaintiff is an African-American citizen of the United States and a resident of Tennessee, United States. Plaintiff was offered a conditional offer for employment by DOLLAR GENERAL CORPORATION on January 2, 2020 and was discharged on January 17, 2020.

4. Plaintiff Pierre Terry alleges that Defendant, DOLLAR GENERAL CORPORATION (DOLLAR GENERAL) unlawfully discriminated against him on the basis of his national origin characteristics, and harassed him on the basis of national origin.

5. Plaintiff further allege that Defendant's policies, practices, and decisions they established and enforced had a disparate impact upon the Plaintiff based on his national origin, African.

6. Plaintiffs further allege that Defendant denied Plaintiff equal job opportunity based on race.

7. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendant's violations of his rights.

8. DOLLAR GENERAL is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racially harassing and discriminatory behavior. The Plaintiff was subjected to this, racial treatment by being discharged /not hired.

9. The Plaintiff was hired by the Respondent on January 16, 2020 as an Order Picker/ Reach Truck Operator and terminated from employment on January 17 2020. The Plaintiff believes he was discharged due to his race.

FILED

2021 SEP 21 P 12:54

TODD B. CALVERT
ALLEN CIRC/DIST CLERK
BY

## II. THE PARTIES

10. Plaintiff is a resident of Tennessee, and a citizen of the United States. His current address is 145 Village Lane, Hartsville, TN.

11. Defendant, DOLLAR GENERAL is a company headquartered at Goodlettsville, Tennessee, United States. It's address 100 Mission Ridge Goodlettsville, TN 37072 USA.

12. Upon information and belief, Defendant DOLLAR GENERAL CORPORATION is an American chain of variety stores headquartered in Goodlettsville, Tennessee operating 16,278 stores in the continental United States. Defendant DOLLAR GENERAL CORPORATION operates a Warehouse –Dollar General Distribution centre, and all or most of the events alleged herein occurred while Plaintiffs was operating in that Warehouse.

13. At all times relevant herein, Defendant DOLLAR GENERAL CORPORATION had at least two hundred employees, and was therefore an "employer" within the meaning of Title VII.

14. Plaintiff is informed and believes and thereon allege that at all times relevant herein, the Defendant was responsible in some manner for the occurrences and injuries alleged in this complaint.

## III. JURISDICTION AND VENUE

15. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

16. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

FILED
2021 SEP 21 P 12: 54
TODD B. CALVERT
AU FILING/FAST CHECK
BY
D.C.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. The Plaintiff timely filed the charges. On January 23, 2020, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination. On June 29, 2021 a Notice of Right to Sue letter was issued by the EEOC, a copy of which is attached hereto as **Exhibit "A"**.

19. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. EVENTS FORMING THE BASIS OF THE CLAIMS

### FACTUAL ALLEGATION

20. On January 2, 2020 the Plaintiff received a conditional offer of employment from the Respondent and on January 15, 2020 the Plaintiff received a phone call from the Human Resource Department asking him to report to work / orientation the following date which was January 16, 2020.

21. On January 16, 2020 at 7.00 a.m the Plaintiff reported to work as directed and did not leave until 3.30 p.m.

22. The Plaintiff returned to work the following day at 6.30 a.m as directed and worked up to 12.30 p.m.

23. At the time the Plaintiff was using his badge to clock out, it could not work and the Plaintiff was then informed by Morgan Human Resource Manager that there had been an administrative error with his employment background check.

24. As the Plaintiff was departing the Company, he met another orientation employee (white) in the parking lot and he shared to the Plaintiff that he has a record of three recent felonies and did not have any issue being hired.

25. The Plaintiff further called the Company that did the background check and they informed the Plaintiff that they forwarded my package as PASSED.

26. The Petitioner had also discussed his arrest in 2012 for an alleged drug possession, which he had disclosed during the background check.

27. The Plaintiff called the Respondent's Human Resource and spoke with the Manager and spoke regarding why he was discharged / not hired. The Manager informed the Plaintiff that she would look into the issue on Monday but since then the Plaintiff has not heard anything from the Respondent or its agents.

28. The Plaintiff further claims that there was also one other black person a Somali-African during the orientation with him and that other person was being corrected by his supervisors for his difficulty to speak clear English and with a strong accent again demonstrated the Company's discriminatory motive based on race.

29. The Plaintiff further claims that, during the two-day orientation in the plant, he saw over two hundred employees working there and none of them was black.

30. The Plaintiff believes he was discriminated based on his race which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

## VI. CLAIMS FOR RELIEF

National Origin-Based Discrimination (Disparate Impact) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*,

42 .S.C. § 2000e-2(a)

31. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 29, above.

32. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin. Plaintiff is informed and believes and thereon alleges that Defendant policies and practices had an adverse and disproportionate impact on him because of their national origin, African.

33. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

34. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

35. Plaintiff is entitled to his reasonable attorneys' fees and costs of suit.

FILED
2021 SEP 21 P 12: 54
TODD A. CALVERT
ALLEN CIRC/DIST CLERK
BY _____ D.C.

## DECLARATORY RELIEF ALLEGATIONS

36. A present and actual controversy exists between Plaintiff and Defendant concerning his rights. Plaintiff contends that Defendant violated his rights under Title VII. Plaintiffs are informed and believe and thereon allege that the Defendant deny these allegations. Declaratory relief is therefore necessary and appropriate.

37. Plaintiff seeks a judicial declaration of the rights and responsibilities of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

38. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

39. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a declaration that Defendant's actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiff's emotional pain and suffering, mental anguish and humiliation in an amount to be proven at trial;

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7. For an order enjoining Defendant from engaging in the unlawful acts complained of herein;

8. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k)

9. For a cumulative compensation of a total amount of $15,000,000.00.

10. For such other and further relief as this Court deems just and proper.

Dated: September 21, 2021

Respectfully submitted,

*/s/ Pierre A. Terry*

PLAINTIFF Pierre Terry
145 Village Lane
Hartsville, TN

## DEMAND FOR JURY TRIAL

I, PIERRE TERRY, hereby demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically or identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Dated: September 21, 2021

Respectfully submitted,

PLAINTIFF Pierre Terry
145 Village Lane
Hartsville, TN

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Pierre Terry<br>145 Village Ln<br>Hartsville, TN 37074 | From: | Louisville Area Office<br>600 Dr Martin Luther King Jr Pl<br>Suite 268<br>Louisville, KY 40202 |
|---|---|---|---|

FILED 2021 SEP 21 P 12:54
TODD B. CALVERT
ALLEN CIRC/DIST CLERK
BY _____ D.C.

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 474-2020-00434 | Lora Bentley, Investigator | (502) 694-3908 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Lora Bentley*    Digitally signed by Lora Bentley
Date: 2021.06.29 12:56:22 -04'00'

Enclosures(s)     For: Alan W. Anderson, Area Office Director     *(Date Issued)*

cc:    **Meghan Blackwell**
**Senior Employment Attorney**
**DOLLAR GENERAL CORPORATION**
**100 Mission Ridge**
**Goodlettsville, TN 37072**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



Todd B. Calvert
Allen County Circuit
Allen Circuit & District
Allen County Judicial
200 West Main Street
Scottsville, Kentucky 42164



7020 0090 0001 0514 1758

DOLLAR GENERAL CORPORATION
100 MISSION RIDGE
GOODLETTESVILLE, TN 37072



U.S. POSTAGE >> PITNEY BOWES

ZIP 42164
02 4W
0000371705 SEP 21 2021
$013.73°